UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mary Hendricks,

        Plaintiff,

    v.

Home Depot, Inc.

        Defendant.

Case No. 1:04cv420

Judge Michael R. Barrett

## OPINION AND ORDER

Before the Court is the October 7, 2004 Motion of Defendant to Dismiss Counts I, III, IV and V of Plaintiff's Class and Individual Complaint (Doc. 13). Plaintiffs filed a Memorandum in Opposition on December 1, 2004 (Doc. 25). Defendants filed a Reply Memorandum on December 15, 2004 (Doc. 26).

This matter is now ripe for review. For the reasons stated herein, the Motion of Defendant to Dismiss Counts I, III, IV and V of Plaintiff's Class and Individual Complaint (Doc. 13) is hereby **GRANTED.**

## A. FACTS

Plaintiff Mary Hendricks filed her five count complaint, individually and on behalf of those similarly situated, on June 21, 2004 against Defendant Home Depot, Inc.[1] ("Home Depot") alleging wrongful discharge in violation of Ohio Public Policy (Count I), ERISA

---

[1]Defendant, in its Motion to Dismiss, asserts that the proper Defendant is Home Depot U.S.A., Inc. and not Home Depot, Inc. The Court requests that the parties file a joint motion asking the Clerk of Courts to substitute the proper name of the Defendant into the case.

violations (Count II), Breach of Contract (Count III), Promissory Estoppel (Count IV) and Negligent Misrepresentation (Count V) (Doc. 1).  On October 7, 2004 Defendant filed an answer and the motion to dismiss which is the subject of this order.

Plaintiff, an employee of Home Depot, was injured on the job on April 5, 2002 (Doc. 1, ¶21).  Due to this injury, Defendant placed Plaintiff on medical leave (Id.).  While on medical leave, Defendant provided Plaintiff with welfare benefits pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA) (Id. at ¶23).  Defendant's welfare benefits that fall under ERISA include, but are not limited to, life insurance, short-term disability, long-term disability, partial disability, health, dental, and vision insurance, and reduced COBRA rates for health, dental and vision insurance (Id. at ¶24).  Plaintiff also received temporary total disability compensation ("TTD Compensation") from the Ohio bureau of Workers' Compensation (Id. at ¶26).

Plaintiff alleges that the Defendant has a "practice and policy of terminating employees who are receiving temporary total disability compensation pursuant to R.C. 4123.56 on the basis of absenteeism or inability to work related [to] those employees' allowed conditions, in violation of Ohio common law,  and  for terminating employees on medical leave for the purpose of interfering with the use of those employees' welfare benefits, in violation fo the Employee Retirement Income Security Act ('ERISA'), 29 U.S.C. §1001, *et seq.*" (Id. at ¶1).  Specifically, it is Defendant's standard operating procedure to terminate employees who remain on medical leave for 12 months (Id. at ¶27).  Plaintiff alleges that "Defendant formulated this standard operating procedure to avoid having to provide benefits to workers out on medical leave" (Id. at 29).  In furtherance of this Policy, Plaintiff alleges that Defendant

2

terminated Plaintiff after she had been on medical leave for twelve months (Id. at ¶¶30 and 31) and that she was discharged "for the purpose of interfering with the attainment of her rights to which she was or would become entitled to as a participant of Defendant's ERISA-covered welfare benefit plan" (Id. at ¶33).

Additionally, Plaintiff alleges that Defendant offered and promised health insurance coverage for the month of January, 2004 to Plaintiff (Id. at ¶34) and that Plaintiff accepted this offer by remitting payment to Defendant (Id. at ¶35). Defendant cashed Plaintiff's check but has since refused her coverage (Id. at ¶¶ 35 and 37).

## B.   ARGUMENTS

Defendant argues that all of Plaintiff's claims, except Count II as to the alleged ERISA violations, are preempted under ERISA's express preemption provision, 29 U.S.C. §1144, and/or are impliedly preempted under ERISA's exclusive administrative enforcement provisions, because they relate to and have a connection with ERISA-governed employee welfare benefit plans.

Plaintiff counters, as to Count I, that Ohio's tort for wrongful discharge is a remedy for unlawful terminations that violate established Ohio public policy as set forth in *Coolidge v. Riverdale Local School Dist.*, 100 Ohio St.3d 141, 2003 Ohio 5357, and is not to remedy a denial of benefits and, thus, is not preempted by ERISA. As to the individual state law claims (breach of contract, promissory estoppel and negligent misrepresentation), Plaintiff counters that they are not preempted by ERISA because they are premised on a promise by Home Depot, distinct from the terms of any benefit plan, to provide insurance, and therefore, are not related to Plaintiff's eligibility for benefits under any ERISA plan. In the alternative, Plaintiff

3

counters that she did not have standing to bring suit for these claims under ERISA because she is not a "participant" as that term is defined in ERISA because she was no longer an employee of Home Depot.

**C.    ANALYSIS**

Defendant seeks, pursuant to Fed. R. Civ. Pro. 12(b), an order from the Court dismissing Plaintiff's Complaint as to Counts I, III, IV and V on the ground of failure to state a claim upon which relief can be granted due to ERISA's broad preemption provisions.

**1.    12(b)(6) Standard**

A motion to dismiss under Rule 12(b)(6) requires this Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle it to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.1990).

**2.    ERISA Preemption**

29 U.S.C. § 1144(a) specifically states that "... the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 USCS § 1003(a)] and not exempt under section 4(b) [29 USCS § 1003(b)]." Congress has intended for this section to be interpreted broadly. *See Authier v. Ginsberg,* 757 F.2d 796, 801 (6th Cir. 1985), <u>cert. denied</u>, 106 S.Ct. 206 (1986); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549 (1987). The Supreme Court has recently added that "any state-law cause of action that duplicates,

4

supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear

congressional intent to make the ERISA remedy exclusive and is therefore preempted."

*Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488 (2004).  Furthermore, the

Sixth Circuit has held that an issue is related to ERISA if an interpretation of the plan's

provision would be required to determine the ultimate issue before the Court.  *Kentucky*

*Laborers Dist. Council Health & Welfare Fund v. Hope*, 861 F.2d 1003, 1005 (6th Cir. 1988).

In reference to the purpose of §514(a)[29 U.S.C. § 1144(a)], the Supreme Court has

stated that:

> Section 514(a) was intended to ensure that plans and plan sponsors would be
> subject to a uniform body of benefits law; the goal was to minimize the
> administrative and financial burden of complying with conflicting directives
> among States or between States and the Federal Government. Otherwise, the
> inefficiencies created could work to the detriment of plan beneficiaries. (Internal
> cites omitted).  Allowing state based actions like the one at issue here would
> subject plans and plan sponsors to burdens not unlike those that Congress
> sought to foreclose through § 514(a). Particularly disruptive is the potential for
> conflict in substantive law. It is foreseeable that state courts, exercising their
> common law powers, might develop different substantive standards applicable
> to the same employer conduct, requiring the tailoring of plans and employer
> conduct to the peculiarities of the law of each jurisdiction. Such an outcome is
> fundamentally at odds with the goal of uniformity that Congress sought to
> implement.

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (U.S. 1990).

### 3.    Count I (Wrongful Discharge in Violation of Ohio Public Policy)

In Count I of her complaint, Plaintiff alleges that Defendant's actions (i.e., terminating

employees who are receiving Temporary Total Disability Compensation for a workplace injury

on the basis of absenteeism or inability to work) violate Ohio public policy.  Defendant argues

that this state law claim duplicates her ERISA claim (Count II).  Defendant argues that since

Plaintiff realleges the general factual allegations of her complaint in Count I, that Plaintiff is alleging in Count I that "Home Depot wrongfully terminated her at the end of her medical leave in order to avoid paying her medical benefits while she was receiving TTD benefits from the Ohio Bureau of Insurance." (Doc. 13, p 9).  Thus, Defendant argues, this is an ERISA issue and Plaintiff's wrongful termination claim must be preempted.

The Court notes that Plaintiff clearly attempted to separate her wrongful discharge allegation from her ERISA violation allegation.  For example, the Complaint states:

> This is a class action instituted by Plaintiff as a result of Defendant's practice and policy of terminating employees who are receiving temporary total disability compensation ("TTD Compensation") pursuant to R.C. 4123.56 on the basis of absenteeism or inability to work related [to] those employees' allowed conditions, in violation of Ohio common law, **and** for terminating employees on medical leave for the purpose of interfering with the use of those employees' welfare benefits, in violation of the Employee Retirement Income Security Act ("ERISA").

Complaint, ¶1 (Emphasis Added).

What is clear from the Complaint, assuming all factual allegations are true as the Court must at this point, is that Home Depot has a policy of terminating employees who are on medical leave for more than twelve months to avoid having to provide welfare benefits to those employees. See Doc. 1, ¶¶ 41, 48 and 29.  Plaintiff attempts to separate this one policy into two separate claims: (1) a claim for those employees on medical leave who were receiving TTD Compensation at the time of their termination (Class I) and (2) a claim for those who were on medical leave at the time of their termination regardless of whether or not the employees were receiving TTD Compensation (Class II).  Based on the definition of the classes as set forth in the Complaint, all members of Class I would be members of Class II but members of

6

Class II would not necessarily be members of Class I (Id.). Plaintiff alleges that (1) above is a violation of Ohio public policy as set forth in *Coolidge v. Riverdale Local School Dist.*, 797 N.E.2d 61, 2003 Ohio 5357 and that (2) above is a violation of ERISA.

Despite Plaintiff's best efforts, her claims do become intertwined. The Court finds that because both allegations stem from one "policy" and such "policy" is in existence "to avoid having to provide benefits to workers out on medical leave" (Doc. 1, ¶29) (clearly a ERISA issue), the Court finds that Count I of Plaintiff's complaint duplicates and/or supplements her ERISA claim and, as such, is preempted by 29 U.S.C. § 1144(a).[2] See *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488 (2004).

Furthermore, Plaintiff will not be prejudiced by this preemption as ERISA provides adequate remedies to Plaintiff.

### 4. Count III, IV and V (Plaintiff's Individual Claims)

Plaintiff's individual claims are comprised of Breach of Contract (Count III), Promissory Estoppel (Count IV) and Negligent Misrepresentation (Count V). The underlying factual allegations for Counts III, IV and V are the same. See Doc. 1, ¶¶34-37. Defendant made an offer and promise to Plaintiff of health insurance coverage for the month of January, 2004 by submitting a "Billing Notice" from "The Home Depot My Benefits Choices" to Plaintiff which

---

[2] This Court is not holding that all wrongful discharge claims brought pursuant to *Coolidge v. Riverdale Local School Dist.*, 100 Ohio St.3d 141, 2003 Ohio 5357, are preempted by ERISA. However, the facts of this case, specifically that Plaintiff alleges that the purpose behind Defendant's policy of terminating an employee after 12 months of medical leave is "to avoid having to provide benefits to workers out on medical leave", relate so closely to ERISA that preemption is mandated.

showed $294.25 as the "Total Amount Due" and a due date of "01-01-2004" (Doc. 1, ¶34 and Exhibit A). Plaintiff paid Defendant $294.25 via check on December 23, 2003 which Defendant cashed on December 31, 2003 (Doc. 1, ¶35). Plaintiff, relying on Defendant's promise and contractual duty, underwent surgery and other medical treatments in January, 2004 (Doc. 1, ¶36). Defendant refused to provide insurance coverage for that month (Doc. 1, ¶37).

Plaintiff argues that she does not have standing to bring suit under ERISA because she is not a "participant" under the definition as set forth in the statute because she is no longer an employee of Defendant. However, the Court disagrees as the statute, 29 USC §1002, specifically provides that:

> (7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.
>
> (8) The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 USCS § 1002 (emphasis added).

Plaintiff, at ¶24-25 of Doc. 1, acknowledges that Defendant's welfare benefits include health insurance and reduced COBRA rates and that those benefits fall under ERISA. Plaintiff also acknowledges that Defendant's welfare benefit plan provides that "Defendant contributes to disabled employee's COBRA costs for health, dental and vision insurance for the first 12 months of COBRA coverage." Doc. 1, ¶25. Furthermore, Exhibit A to the Complaint (Doc.

1) clearly sets forth the type of coverage included in the billing notice: "COBRA Medical", "COBRA  Off Visit", "COBRA Rx", and COBRA Dental." Therefore, it is clear from the complaint that Counts III, IV and V relate to an employee benefit plan as COBRA coverage falls squarely under ERISA and in order to evaluate Plaintiff's claims an inquiring into the benefit plan itself would be necessary.  See *Kentucky Laborers Dist. Council Health & Welfare Fund v. Hope*, 861 F.2d 1003, 1005 (6th Cir. 1988).  Thus, Counts III, IV and V are preempted by 29 U.S.C. § 1144(a).

**5.     Conclusion**

Based on the foregoing, Defendant's Motion to Dismiss Counts I, III, IV and V of Plaintiff's Complaint (Doc. 13) is hereby **GRANTED**.

**IT IS ORDERED.**

s/Michael R. Barrett
Michael R. Barrett, Judge
United States District Court